## JANE E. WARREN & another *vs.* H. C. GREENWOOD.

Worcester.   October 6. — 7, 1876.   COLT & MORTON, JJ., absent.

It is within the discretion of the presiding judge, on the coming in of the report of commissioners to make partition, to reject evidence offered to show that they had not divided the estate with discretion, if, assuming all the facts which it tended to prove, no cause is shown for recommitting the report.

An estate, described, in the report of commissioners to make partition, as a homestead, is to be presumed to be of the value of $800, according to the Gen. Sts. *c.* 104.

PETITION to the Superior Court for partition of an estate of which the petitioners were the owners in fee, subject to the homestead right of the respondent.

On the coming in of the commissioners' report, before *Rockwell*, J., the respondent, for the purpose of showing that the commissioners had not exercised good judgment in making partition, and had not divided the estate with discretion, and had attempted to give rights to the parties which it was impossible could be exercised, and thereby had been led into an error in making the partition reported, and that the commissioners had not excepted and reserved a homestead right that could be practically occupied as a homestead by the respondent, as required by the warrant, when the same might have been done, offered to prove that the premises were not in the centre of the town, and that the lot of land was of small value as compared with the buildings to be divided; that there was over an acre of land in the property to be divided; that there was not, in the portion of the property reserved to the respondent, any privy or any place where a privy could be placed, but that, at a very trifling expense, there were two or three different ways in which a privy might have been provided without interfering to any extent with the property set off to the petitioners; and the respondent further offered to prove that it was not possible to construct, as stated in the report, a practicable stairway under the present front stairs of the main house; and further offered to prove that there was no opportunity for the respondent to dispose of any refuse water resulting from the ordinary household duties of washing dishes and clothes, and other like duties, excepting by carrying it down the front stairs of the house, down the impracticable pair of stairs aforesaid, across the cellar of the house, and

across a strip of land out of doors twenty-five feet wide, when, at a very trifling expense, a method might have been given to the respondent of disposing of said refuse water without any appreciable injury to the petitioners' estate ; and further offered to prove that the right to use the back stairs of the house, and a way to the street, might have been given to the respondent without any appreciable injury to the petitioners' portion of the estate in the proposed partition, while under the reported partition the back stairs aforesaid were entirely useless to any one, either petitioners or respondent. Evidence was offered of the value of the estate left as the homestead, not denying that, if the respondent's objections to the report were removed, that value would be at least eight hundred dollars. All of which offers of evidence were severally refused by the judge.

The respondent further asked the judge to rule that the report of partition should not be accepted and confirmed, because there was no allegation in said report by the commissioners that they had excepted, as homestead for the respondent, property to the value of eight hundred dollars, or that the rights and property, excepted as homestead for the respondent, were of the value of eight hundred dollars; and further, that said report should not be accepted because a certain provision was inserted, in the exception of the property and rights given to the respondent in said report, which was as follows : " Also the southeasterly portion of the cellar as the same is now partitioned off, and a right to enter and use such portion of the cellar by building and using a stairway under the present front stairs of the main house." These requests the judge refused, and ordered the report to be accepted and confirmed. The respondent alleged exceptions.

*A. G. Biscoe*, for the respondent.

*W. S. B. Hopkins*, for the petitioners.

BY THE COURT. No error in law appears. The evidence offered may have been rejected simply because, assuming all the facts which it tended to prove, no cause was shown, in the discretion of the court, for recommitting the report. The estate described as a homestead is to be presumed to have been of the value of $800, according to the statute. Gen. Sts. *c.* 104.

*Exceptions overruled.*